981 F.2d 1253
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: YACHTING CONNECTIONS, INCORPORATED, Debtor.
MINORITY EQUITY SHAREHOLDERS OF YACHTING CONNECTIONS,
INCORPORATED, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, in its capacity as Receiver of
First Federal Savings Bank of Annapolis, F.S.B.;
United States Trustee, Defendants-Appellees.
 No. 92-1493.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 26, 1992
Decided: December 18, 1992
 
 Argued: William Vincent DePaulo, Depaulo & Murphy, Washington, D.C., for Appellant.
 Irving Edward Walker, Miles & Stockbridge, Baltimore, Maryland, for Appellee.
 On Brief: Kathleen Gast Smith, Miles & Stockbridge, Baltimore, Maryland; Charles G. Byrd, Brown, Alston & Byrd, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, CHAPMAN, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 I.
 
 1
 Appellants are minority equity shareholders who own 25% of Yachting Connections (the debtor), a Maryland corporation whose assets have been the subject of a state court receivership for approximately two years. Appellee Resolution Trust Corporation (RTC) holds a first lien on all, or substantially all, of the debtor's real and personal property. The debtor obtained a loan from First Federal Savings Bank of Annapolis (First Annapolis) in 1986, to acquire certain property. It defaulted on its obligations to First Annapolis, and has not made any payment of principal or interest since June 1989. In December 1989, the debtor and First Annapolis entered into a Forbearance Agreement under which First Annapolis agreed to forbear for nine months from exercising its right to initiate foreclosure proceedings to facilitate sale of the debtor's property, which has not occurred.
 
 
 2
 In 1990, RTC was appointed receiver for First Annapolis, succeeding to all right, title, and privilege to the debtor's property. In September 1990, after expiration of the forbearance period, RTC commenced an action in state court to foreclose the debtor's interest in the property. As part of the foreclosure action, RTC had a receiver appointed to take possession, operate, and manage the debtor's property. On March 21, 1991, RTC obtained a judgment against the debtor in the amount of $900,069.93 plus attorneys' fees, interest, and costs. A foreclosure sale was scheduled for May 15, 1991.
 
 
 3
 One hour prior to the scheduled foreclosure sale, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. After commencement of the debtor's Chapter 11 petition, the receiver continued to possess and manage the property. At no time during the Chapter 11 case did the debtor attempt to remove the receiver, regain possession of its property, or reorganize.
 
 
 4
 In August 1991, three months after the debtor filed its Chapter 11 petition, both RTC and the United States Trustee moved to dismiss for cause pursuant to 11 U.S.C. § 1112(b). In December 1991, the Bankruptcy Court conducted a hearing and granted both motions, entering an order to dismiss the case. The Court's language is ambiguous, but suggests that the Court dismissed the Chapter 11 petition for lack of good faith required by Carolin Corp. v. Miller, 886 F.2d 693 (4th Cir. 1989). The District Court affirmed.
 
 II.
 
 5
 The Bankruptcy Court's decision cannot be reversed unless clearly erroneous. Id. at 702. Although the Bankruptcy Code does not expressly require good faith filing, courts have uniformly held that " 'an implicit prerequisite to the right to file[a Chapter 11 petition] is "good faith" on the part of the debtor, the absence of which may constitute cause for dismissal.' " Id. at 698 (citations omitted).
 
 
 6
 This Court has held that a showing of objective futility and subjective bad faith on the part of the petitioner justify dismissal of a Chapter 11 filing. The objective futility requirement is designed to further the statutory objective of reviving the debtor and the bad faith inquiry is to prevent abuse of the reorganization process through delay. Id. at 701-02. In Carolin, for example, we found futility because the debtor lacked financing and had no realistic chance to resuscitate its business and subjective bad faith because the debtor filed for bankruptcy 50 minutes before the scheduled foreclosure sale and made no effort to effectuate a reorganization. We also noted the dangers of promulgating a set of factors to test good faith, and proposed an inquiry into the totality of circumstances "to determine whether the purposes of the Code would be furthered by permitting the Chapter 11 petitioner to proceed past filing." Id. at 701.
 
 
 7
 The facts here strongly resemble those in Carolin. The debtor did not file for bankruptcy until nearly a year after a receiver had been appointed, apparently to stave off an imminent foreclosure sale. After filing for bankruptcy, the debtor made no effort to reorganize, regain possession, or manage the property. Moreover, the debtor owed more to RTC than the value of the property, which supports a finding that the ninth-hour filing was objectively futile. Despite the lack of guidance from the Bankruptcy Court on its determination of the debtor's bad faith, the record justifies the decision below under a clearly erroneous standard.
 
 
 8
 Appellants correctly point out that the last-minute filing alone does not by itself demonstrate bad faith, but that action, in the context of the debtor's previous and subsequent inaction, justifies the finding of bad faith.
 
 
 9
 Appellants contend further that the Bankruptcy Court erred in applying the Carolin test to the bankruptcy petition, since they, the minority shareholders, filed an allegedly viable reorganization plan after the debtor filed for bankruptcy. However, Carolin 's inquiry is directed at the bankruptcy petition itself, and was properly relied upon by the Bankruptcy Court in dismissing the petition.
 
 
 10
 Accordingly, the judgment of the District Court is affirmed.
 
 AFFIRMED